This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
David R. Rainey ("Rainey") appeals the decision of the Wayne County Municipal Court, which convicted him of driving with a prohibited alcohol concentration in violation of R.C. 4511.19(A)(2). We affirm.
 I.
On July 5, 2001, Rainey was arrested for driving under the influence of alcohol. Rainey refused to submit to a breathalyzer test; therefore, the arresting officer obtained a search warrant by telephone and fax for a blood test. Rainey filed a motion to suppress the results of the blood test claiming that (1) there is no authority for a telephonic search warrant in Ohio, and (2) R.C. 4511.19 prohibits the introduction into evidence of the results of a blood test taken without consent. A hearing on the motion to suppress was held before a court magistrate.
The magistrate's proposed decision stated that there was no need for a search warrant if there was probable cause to arrest Rainey for driving under the influence; therefore, the method the officer used to obtain the warrant is inconsequential. As to the second issue in the motion to suppress, the magistrate stated that R.C. 4511.19 no longer contains language such that if a person refuses a chemical test, then no chemical test shall be given. The magistrate found that, because that language was deleted, the statute does not prohibit the use of blood samples drawn without consent and, therefore, denied the motion to suppress. The magistrate's proposed decision noted that Rainey had fourteen days to file a written objection to the decision. Rainey pled no contest to the charge of driving with a prohibited alcohol concentration. The trial court subsequently found him guilty and sentenced him. This appeal followed.
 II. "WHERE A DEFENDANT WHO HAS BEEN ARRESTED FOR DUI REFUSES TO SUBMIT TO A CHEMICAL TEST UNDER R.C. 4511.191, IT IS ERROR FOR THE TRIAL COURT TO ADMIT INTO EVIDENCE THE RESULTS OF A NONCONSENSUAL BLOOD TEST IN A PROSECUTION UNDER R.C. 4511.19."
In his sole assignment of error, Rainey argues that the trial court erred in denying his motion to suppress and admitting into evidence the results of the nonconsensual blood test. However, we find that Rainey has waived his right to raise this issue on appeal.
The Ohio Traffic Rules apply to "all proceedings involving violations of laws * * * governing the operation and use of vehicles." Traf.R. 2. See, also, Traf.R. 1(A). A prosecution under R.C. 4511.19 is such a proceeding. Under Traf.R. 14(C), objections may be filed to a magistrate's decision pursuant to Civ.R. 53(E)(3). Civ.R. 53(E)(3)(b) states, "A party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule."
Rainey failed to object to the magistrate's decision denying his motion to suppress. Rainey's failure to timely object waived any error in the judgment resulting from the magistrate's decision. See City of RavennaPolice Dept. v. Sicuro, 11th Dist. No. 2001-P-0037, 2002-Ohio-2119, at ¶ 15. Rainey's failure to object to the magistrate's decision is "alone dispositive of the arguments raised in his [assignment] of error." Id. Rainey's assignment of error is overruled.
 III.
Having overruled Rainey's sole assignment of error, we affirm the decision of the trial court.
CARR, J., BATCHELDER, J. CONCUR.